UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Allan Lewis</u>

    v.                        Civil No. 09-cv-0307-SM

<u>New Hampshire Judicial Branch et al.</u>[1]

**REPORT AND RECOMMENDATION**

    Before the Court is Allan Lewis' complaint (doc. no. 1) and its addenda (doc. nos. 4, 5, & 6) (hereinafter "Complaint").[2] Lewis has alleged in the Complaint that defendants (the New Hampshire Judicial Branch and the Justices of the New Hampshire Supreme Court, New Hampshire Superior Court Judge Peter Fauver, Attorney Scott A. Ewing, and his firm, Desmarais, Ewing, & Johnston, PLLC) have violated his rights by depriving him of a

---

[1] Lewis specifically names the New Hampshire Judicial Branch, New Hampshire Superior Court Judge Peter Fauver, Attorney Scott A. Ewing, and his firm, Desmarais, Ewing, & Johnston, PLLC, as defendants. Lewis has also alleged that the Justices of the New Hampshire Supreme Court are co-conspirators; accordingly, I construe the Complaint as asserting claims directly against the New Hampshire Supreme Court Justices.

[2] I have construed the Complaint to include the allegations set forth in supplemental filings (doc. nos. 4, 5 & 6). I have treated Lewis' filing docketed as a motion to amend the Complaint (doc. no. 4) to be an addendum, and I have included its factual allegations and claims within the scope of my preliminary review here.

civil jury trial. Because Lewis is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether or not the Complaint states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B) (authorizing Magistrate Judge to conduct preliminary review to determine whether action may proceed); 28 U.S.C. § 1915(a)(1). Also before the Court is a motion requesting expedited issuance of summonses (doc. no. 3), which should be denied, if the Court accepts this Report and Recommendation.

## Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(1). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was

imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

    To determine if a pro se complaint should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the complaint, construed liberally, see Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint states a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." <u>Id.</u> at 1950 (citation omitted).

## Background

In April 2005, Lewis attended a scheduling conference for a civil case that he had filed against third parties in the Strafford County Superior Court ("SCSC"). On May 2, 2005, the SCSC issued an order setting a date for jury trial on July 18, 2005. No exception was taken to the scheduling order. On July 18, 2005, Lewis appeared for trial. After defense counsel, Attorney Scott Ewing, waived the right to a jury trial, Superior Court Judge Peter Fauver held a bench trial and subsequently ruled for Ewing's clients on the merits.

Lewis filed a notice of appeal in the New Hampshire Supreme Court ("NHSC") thereafter, claiming, among other things, that he had been deprived of his right to a jury trial. Rejecting Lewis' argument regarding his state constitutional right to a jury trial, the NHSC affirmed. <u>See</u> <u>Lewis v. Harvey Indus.</u>, No. 2005-0733, slip op. at 1 (N.H. July 26, 2006).

Lewis filed three actions under 42 U.S.C. § 1983 in federal district court, including the instant case, all based on the claim that he had been denied a jury trial in the SCSC in violation of his federal constitutional rights. In addition, Lewis pursued supplemental state court litigation, including

cases culminating in a NHSC decision issued on September 3, 2009, holding that Lewis was collaterally estopped from relitigating whether he had been improperly denied a jury trial.  See Final Am. Compl. (doc. no. 5) at 1; Addendum (doc. no. 6) at 3.  Lewis has not provided this Court with a copy of the September 2009 NHSC decision, which is apparently not reported.

In his first federal lawsuit, filed in 2006, Lewis named as defendants the NHSC Justices, the New Hampshire Judicial Branch, and Superior Court Judge Peter Fauver.  This Court dismissed the complaint, ruling that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine.[3]  See Lewis v. N.H. Jud. Branch, No. 06-CV-00395-PB (D.N.H. Dec. 20, 2006) (order granting motion to dismiss federal complaint (doc. no. 7)).  The First Circuit affirmed.  See Lewis v. N.H. Jud. Branch, No. 07-1397, slip op. at 1 (1st Cir. Sept. 20, 2007) ("Lewis I").

In Lewis' second federal lawsuit, filed in January 2009,

---

[3] The Rooker-Feldman doctrine, named for a line of cases derived from D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), "precludes [federal district] courts from exercising subject matter jurisdiction where the issues presented in the case are 'inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be . . . reviewing a state court decision for error."  Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003) (footnote and citations omitted).

5

Lewis again named Judge Fauver and the New Hampshire Judicial Branch as defendants along with Attorney Ewing, all defendants in the instant case. This Court dismissed the lawsuit as barred by New Hampshire's three-year statute of limitations, which was applicable to the claims asserted under 42 U.S.C. § 1983. See No. 09-CV-002-JL (D.N.H. Apr. 7, 2009) (doc. no. 5) (approving Report & Recommendation, issued Mar. 30, 2009 (doc. no. 3)). The First Circuit affirmed the dismissal. See <u>Lewis v. N.H. Jud. Branch</u>, No. 09-1655 (1st Cir. Sept. 18, 2009) ("<u>Lewis II</u>").

While his appeal in <u>Lewis II</u> was pending in the First Circuit, Lewis filed the instant case. The Complaint here (doc. nos. 1, 4, 5, & 6) sets out a variant of the claim that Lewis asserted in his earlier federal cases against the same defendants[4]:

> Judge Fauver, Attorney Ewing, and the New Hampshire Judicial Branch, headed by the Justices of the NHSC, acting alone and in conspiracy with one another, have deprived Lewis of a civil jury trial, in violation of his rights under the Seventh and Fourteenth Amendments.

---

[4] If this Report and Recommendation is approved, the claims identified herein will be considered for all purposes to be the claims raised in the Complaint (doc. nos. 1, 4, 5 & 6). If Lewis disagrees with this identification of the claims, he must do so by objection filed within 14 days, or he must properly move to amend the Complaint.

Discussion

I.  Claim Preclusion

Under res judicata or claim preclusion principles, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980).  The purpose of claim preclusion is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Id.  While res judicata is an affirmative defense, a "'court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'" v. Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mort. Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003) (quoting Bezanson v. Bayside Enterps., Inc. (In re Medomak Canning), 922 F.2d 895, 904 (1st Cir. 1990)).  Dismissing an action sua sponte on the basis of an affirmative defense, such as res judicata, is permissible if the facts alleged in the complaint, or matters susceptible of judicial notice, conclusively establish the elements of the affirmative defense.  See Banco Santander, 324

7

F.3d at 16. As explained more fully below, sua sponte dismissal is appropriate here based on the claim preclusive effect of Lewis II. Cf. Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993) (district court could dismiss action sua sponte as barred by claim preclusion, upon magistrate judge's recommendation, because parties had adequate opportunity to examine and contest application of preclusion, and district court had opportunity to review record and parties' conflicting arguments before accepting magistrate judge's recommendation).

"To trigger claim preclusion, there must be (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Coors Brewing Co. v. Mendez-Torres, 562 F.3d 3, 8 (1st Cir. 2009) (citation and internal quotation marks omitted). Federal principles of res judicata determine the claim preclusive effect of a prior federal judgment. See Zareas v. Bared-San Martin, 228 Fed. Appx. 1, 2 (1st Cir. 2007) (citing Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507 (2001)). A dismissal based on the statute of limitations is a final judgment on the merits for res judicata purposes under

federal law.  See Cooper v. Principi, 71 Fed. Appx. 73, 74-75 (1st Cir. 2003) (citing Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995)).

"The test to determine the identity of two causes of action for purposes of res judicata is whether the essential or operative facts are the same in both cases."  Cooper, 71 Fed. Appx. at 75 (citing Mass. Sch. of Law at Andover, Inc. v. ABA, 142 F.3d 26, 32 (1st Cir. 1998)).  The Complaint here is based on essentially the same facts underlying the claims that the district court confronted and dismissed in Lewis II.  Lewis has offered new theories regarding the source of his right to a jury trial, including his claim that a contract arose between the parties at the state court scheduling conference in 2005, and his claim that the scheduling order became binding when Attorney Ewing did not file a timely objection to it.  These new theories do not meaningfully distinguish the cases for the purposes of avoiding an application of res judicata.  See Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996) ("mere fact that different legal theories are presented in each case does not mean that the same transaction is not behind each").  The parties and the operative facts in both cases are the same as to all

claims that could have been asserted in <u>Lewis II</u>.  Accordingly, this court should give the district court's decision, affirmed in <u>Lewis II</u>, claim preclusive effect and dismiss the claims.

III. <u>Alternative Grounds for Dismissing Complaint</u>

In addition to res judicata, the Complaint should be dismissed in its entirety for failing to state a claim upon which relief can be granted, as explained more fully below.

    A.   <u>No Standing as to Criminal Statutes</u>

Lewis cites 18 U.S.C. §§ 241 & 242, in addition to 42 U.S.C. § 1983, as federal laws providing him with a cause of action for his claims against the defendants.  Section 1983 provides a cause of action for damages and injunctive relief to redress deprivations of federal constitutional and statutory rights by persons acting under color of state law.[5]  Sections 241 and 242 of Title 18 are analogous statutes providing criminal penalties

---

[5] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

for civil rights violations.

Private citizens like Lewis lack standing to prosecute criminal actions. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Accordingly, Lewis lacks standing to assert claims under 18 U.S.C. §§ 241 & 242, and these claims should be dismissed.

B. Defendants Not Liable under Section 1983

Furthermore, this Court should conclude that Lewis has failed to state a viable claim for relief under 42 U.S.C. § 1983 as to the defendants in this case, as explained more fully below.

1. Lewis II Alternate Holding

As an alternate ground for affirming the district court's dismissal of the complaint in Lewis II, the First Circuit specifically held that the section 1983 claims against Judge Fauver, Attorney Ewing, and the New Hampshire Judicial Branch "could not succeed," because "[n]either the state, the judge, nor the private attorney is subject to liability." Lewis II, slip op. at 1 (citing Pennhurst State Sch. v. Halderman, 465 U.S. 89 (1984); Polk County v. Dodson, 454 U.S. 312 (1981); and Brown v. Newberger, 291 F.3d 89 (1st Cir. 2002)). The cases cited stand

11

for the following propositions: (1) the Eleventh Amendment immunizes state agencies and state officials acting in their official capacities from claims for damages arising under section 1983; (2) private attorneys are not state actors for the purposes of liability under section 1983 in performing their traditional functions as counsel in court; and (3) absolute judicial immunity bars liability for damages for normal and routine judicial acts.

In recommending dismissal of the section 1983 claims here for reasons stated in Lewis II, I have considered the following issues specific to this case. The allegations of a conspiracy between Attorney Ewing and Judge Fauver are conclusory and do not raise a viable claim that Ewing is liable as a state actor under section 1983. See Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994) (defense counsel who allegedly conspired with prosecutors and judges was not liable under section 1983, given lack of nonconclusory allegations of meeting of minds or conspiracy).

Furthermore, Lewis' allegation that the justices of the New Hampshire Supreme Court became co-conspirators through their September 2009 collateral estoppel decision, while not directly before the court in Lewis II, is barred by the doctrine of absolute judicial immunity. See Brown, 291 F.3d at 93, ("'This

immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.'" (quoting Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)).

## Conclusion

For the foregoing reasons, I recommend that the Court dismiss the Complaint, including Lewis' addenda thereto (doc. nos. 1, 4, 5, & 6), with prejudice. If this Report and Recommendation is accepted, the Court should deny the pending motions (doc. nos. 3 & 4) as moot.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Pract. of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: December 16, 2009

cc: Allan Lewis, pro se