UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Allan Lewis

   v.                                       Civil No. 09-cv-0307-SM

New Hampshire Judicial Branch et al.[1]

**REPORT AND RECOMMENDATION**

Before the Court is pro se plaintiff Allan Lewis' Objection (doc. no. 8) to the Report and Recommendation (doc. no. 7) issued in this case on December 16, 2009. Lewis's Objection includes a proposed amended complaint. I now consider whether any new facts alleged or claims asserted in the amended complaint affect my previous recommendation that the complaint be dismissed in its entirety.

The amended complaint (doc. no. 8) restates allegations set forth in the original complaint and its addenda (doc. nos. 1 & 4-

---

[1] Lewis specifically names the New Hampshire Judicial Branch, New Hampshire Superior Court Judge Peter Fauver, Attorney Scott A. Ewing, and his firm, Desmarais, Ewing, & Johnston, PLLC, as defendants. I previously construed the complaint, in the December 16 Report and Recommendation issued in this case (doc. no. 7), as asserting claims against the New Hampshire Supreme Court Justices. For reasons set forth herein, I construe the amended complaint as asserting claims against Superior Court Judge Kenneth Brown.

6), drops the count charging a violation of 18 U.S.C. § 241, and adds a state law claim of fraud relating to defendant Attorney Scott A. Ewing's failure to mail Lewis an objection to a state court scheduling order.  In addition, the amended complaint reiterates a due process claim that Lewis previously asserted in a related proceeding, Lewis v. N.H. Jud. Branch, No. 09-CV-422-PB (D.N.H. filed Dec. 10, 2009) ("Lewis IV"), the fourth federal case filed by Lewis asserting that he was deprived of a right to a civil jury trial in state court.  The amended complaint here, like the complaint in Lewis IV, asserts that Superior Court Judge Kenneth Brown violated Lewis's rights under the Fourteenth Amendment by issuing an order prohibiting the Strafford County Superior Court clerk from accepting new claims filed pro se by Lewis against Ewing or his law firm.  Although Lewis has not specifically listed Judge Brown as a party here, I construe the amended complaint as naming him as a defendant.  I previously recommended dismissal of all claims at issue in Lewis IV (Report and Recommendation (Dec. 16, 2009) (doc. no. 4)), and recommend the same disposition here.

     The facts and claims alleged in the amended complaint do not affect my recommendation of dismissal as to the claims Lewis had

asserted or could have asserted against the same parties or privies in earlier litigation in this court, see Lewis v. N.H. Jud. Branch, No. 09-CV-002-JL (D.N.H. Apr. 7, 2009) (doc. no. 5) (order dismissing claims as time-barred), aff'd, No. 09-1655 (1st Cir. Sept. 18, 2009) ("Lewis II").  Lewis's claims of fraud in this case against Ewing and his law firm could have been asserted in the earlier case and are barred by the doctrine of res judicata or claim preclusion.  See Report and Recommendation (doc. no. 7), at 7-10 (discussing and applying elements of claim preclusion).

The doctrine of judicial immunity protects judges from "civil liability for any normal and routine judicial act," except those taken in the "clear absence of all jurisdiction."  Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing Stump v. Sparkman, 435 U.S. 349, 357 (1978)).  Such immunity shields judges from civil liability even if the judicial acts were erroneous, and can also defeat claims based on allegations of a conspiracy.  See Cok, 876 F.2d at 2; see also Dennis v. Sparks, 449 U.S. 24, 27 (1980).

The Superior Court is a court of "general jurisdiction" in New Hampshire.  N.H. Const. Pt. 2, Art. 72-a.  Issuing an order

3

in a pending civil case is an act taken within the scope of the presiding judge's jurisdiction. Judge Brown, therefore, is absolutely immune from claims for damages relating to his order in Lewis's case. Accordingly, I recommend dismissal of the claim against Judge Brown.

Conclusion

For reasons set forth above and in the Report and Recommendation issued on December 16, 2009 in this case (doc. no. 7), I recommend dismissal of all claims asserted by Lewis in this case.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Pract. of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: January 6, 2010

cc: Allan Lewis, pro se
JRM:nmd